United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Raul Gabriel Veliz,

Petitioner(s),

v.

Scott Kearnan, Warden,

Respondent(s).

_____________________________________/

NO. C 04-01528 JW

**ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

On December 13, 2000, while representing himself in Santa Clara County Superior Court, Petitioner Raul Gabriel Veliz ("Petitioner") pled no contest to violating California Penal Code § 4502 (manufacturing and possessing a weapon in prison). Veliz was convicted and sent to California Mule Creek State Prison under the care of Warden Scott Kearnan ("Respondent"). The Sixth Appellate District affirmed the conviction and the California Supreme Court denied Veliz's petition for review. On September 15, 2004, Veliz timely filed in this Court a Petition for Writ of Habeas Corpus. After examining the record and the papers submitted by the parties in support of their respective positions, the Court finds that Veliz's claims are without merit and, therefore, DENIES the petition.

## II. BACKGROUND

On January 23, 2000, Petitioner was an inmate in the Santa Clara County jail. (Mem. of P. & A. in Supp. of Answer ("Answer") at 2.) That morning, a correctional officer observed Petitioner

United States District Court
For the Northern District of California

sharpening a piece of metal by rubbing it on the floor of his cement cell. (Pet. at 10.) Consequently, the district attorney filed a felony complaint alleging that Petitioner violated California Penal Code § 4502 by possessing or manufacturing a dagger while incarcerated. (Answer at 2.)

At the outset of the criminal proceedings, Petitioner filed a request to appear in propria persona, which was provisionally granted until a Faretta hearing could be conducted. (Answer at 2-3.) During the preliminary hearing on June 13, 2000, the court further inquired into whether Petitioner was certain that he wanted to represent himself. (Answer at 3.) He confirmed. (Answer at 3.) On June 20, 2000, an investigator was appointed to assist Petitioner during discovery. (Pet. at 11.)

Petitioner was arraigned on June 26, 2000 and a Faretta hearing was conducted two days later to determine whether Petitioner understood the ramifications of representing himself at trial. (Answer at 3.) At the hearing, Petitioner confirmed that he had been given two days to reflect on a pro per advisement form that was given to him, that he understood his sentence could run as high as twenty-seven years to life, and that he would be representing himself until the jury returned its verdict. (Answer at 3.) Satisfied with Petitioner's affirmations, the court granted Petitioner's Faretta motion and set trial for August 14, 2000. (Answer at 3.)

On August 4, 2000, ten days before the originally scheduled date of trial, Petitioner moved to continue the trial. (Answer at 12.) In his brief supporting the motion, Petitioner stated that he would be unprepared for trial because his investigator would be unavailable for three to four weeks. (Answer at 3.) The court granted Petitioner's motion. (Answer at 3.) On September 11, Petitioner moved for a second continuance of the trial, stating that he would be unprepared for trial because his investigator would be unavailable for three to four weeks. (Answer at 12.) The court granted his motion. (Answer at 4.)

On September 29, 2000, the court granted Petitioner's motion to discover, if available, the names, current locations, and C.D.C. numbers of inmates who were incarcerated with him at the Santa Clara County jail. (Pet. at 11.) Petitioner received the bulk of the requested information approximately two weeks later, but no C.D.C. numbers were provided. (Pet. at 11.) Five days later,

on October 17, 2000, the court granted Petitioner's third motion to continue because he alleged that his investigator would be unavailable for three to four weeks and that he could not act on the information provided to him without his investigator's help. (Answer at 4, 12.) Trial was reset for December 4, 2000. (Answer at 4.)

On November 28, 2000, Petitioner filed his fourth motion to continue, arguing that his investigator would be unavailable for three to four weeks and that no C.D.C. numbers were provided to him. (Answer at 4, 12.) The motion was heard and rejected on December 6, 2000. (Answer at 4.) On December 11, 2000, Petitioner sought to withdraw his pro se status and have counsel appointed. (Answer at 5.) Finding the request untimely since trial was scheduled for December 13, 2000, the court denied his request for appointment of counsel. (Answer at 5.) On the date of the trial, Petitioner unsuccessfully renewed his request. (Answer at 5.) Believing that his case was "open and shut," Petitioner pled no contest. (Reporter's Transcript on Appeal at 8.) After the conviction, Petitioner was appointed an attorney for sentencing purposes. (Pet. at 3.) He received a term of twenty-five years. (Pet. at 3.)

Petitioner appealed his conviction. (Pet. at 3.) The court of appeal affirmed, finding that Petitioner's inability to prepare for trial was not the product of his investigator's absence, but rather was the result of his earlier failure to utilize his investigator's services. (Ct. of Appeal Op. at 8.) The court found that the trial court did not abuse its discretion in denying Petitioner's fourth motion to continue (Ct. of Appeal Op. at 6-8), and that Petitioner was not entitled to reinstate his right to counsel because the request was made solely as a delay tactic. (Ct. of Appeal Op. at 8-12.)

## III. STANDARDS

This Court may grant a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is being held in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court has no authority to grant habeas relief unless the state court's ruling was "contrary to, or involved an unreasonable application of, clearly

United States District Court
For the Northern District of California

established Federal Law, as determined by the United States Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d). A state court decision is contrary to clearly established federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or reaches a different conclusion based on facts materially indistinguishable from a Supreme Court case. Williams v. Taylor, 529 U.S. 362, 413 (2000). "Unreasonable application" means that the state applied a Supreme Court precedent to the facts in a manner that is objectively unreasonable. Id. at 411-13. The habeas court "may not issue the writ simply because th[e] court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

## IV. DISCUSSION

Veliz's argument for habeas relief is two fold. First, he argues that the denial of his fourth motion to continue violates his right to due process and his Sixth Amendment right to self-representation. (Pet. at 11-19.) Second, he argues that the denial of his request to reinstate his right to counsel also violates his rights under the Sixth Amendment. (Pet. at 20-28.) Because Petitioner pled no contest, Respondent argues that the bases upon which a writ may be granted are severely limited. (Answer at 6.)

A guilty plea is not simply an admission of past conduct, but a waiver of certain constitutional trial rights.[1] Brady v. United States, 397 U.S. 742, 747-48 (1970); Haring v. Prosise, 462 U.S. 306, 319-20 (1983). An intelligent and voluntary plea of guilty bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. Tollett v. Henderson, 411 U.S. 258, 266 (1973). After that point, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

[1] For waiver purposes, a plea of no contest is treated the same as a guilty plea.

United States District Court
For the Northern District of California

To the extent that Petitioner argues that the alleged constitutional violations coerced his plea of no contest, Petitioner's arguments are not waived. Habeas relief cannot be granted, however, simply by establishing a Sixth Amendment or Due Process violation. Tollett, 411 U.S. at 266 (stating habeas relief may not be granted for constitutional violations that occurred before a guilty plea was entered). Rather, relief can be granted only if those violations not only occurred, but also *compelled* Petitioner's decision to enter a plea of no contest. Broce, 488 U.S. at 569 (confining habeas inquiries to the counseled and voluntary nature of a petitioner's plea).

The Court, therefore, addresses whether a Sixth Amendment or Due Process violation has occurred.

**A. The Denial of Petitioner's Motion to Continue Did Not Violate His Sixth Amendment or Due Process Rights**

Petitioner argues that the Due Process Clause and the Sixth Amendment both include a right to time to prepare a defense. Armant v. Marquez, 772 F.2d 552 (9th Cir. 1985) (holding that the Sixth Amendment right to self-representation includes the right to a reasonable amount of time to prepare a defense). He argues that this right was infringed because his fourth motion to continue was denied.

For a denial of a continuance to form the basis of a petition for writ of habeas corpus, there must be abuse of discretion, and any resulting error must be "so arbitrary and fundamentally unfair that it violates constitutional principles of due process." Bennett v. Scroggy, 793 F.2d 772, 774-75 (6th Cir. 1986) (citation omitted); see also United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). In considering whether the denial of a continuance is an abuse of discretion, the Court considers: (1) whether the continuance would inconvenience witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant. See United States v. Mejia, 69 F.3d 309, 314 (9th Cir. 1995).

No abuse of discretion occurred here and, therefore, habeas relief is inappropriate. One of the factors in determining whether abuse of discretion has occurred is the absence of prior continuances. Mejia, 69 F.3d at 314. As the court of appeal noted, Petitioner had already been granted three motions

United States District Court
For the Northern District of California

to continue and had half a year to prepare his defense when the fourth motion to continue was denied, even though the Penal Code only requires five days. (Ct. of Appeal Op. at 7-8.) Another factor is whether the delay was the defendant's fault. Mejia, 69 F.3d at 314. Here, Petitioner was responsible for the delays that occurred. (Ct. of Appeal Op. at 7-8.) In making its determination, the Court also considers whether a denial would prejudice the defendant. Mejia, 69 F.3d at 314; Gallego v. McDaniel, 124 F.3d 1065, 1072 (9th Cir. 1997) (requiring petitioners to show actual prejudice from a trial court's refusal to grant a continuance in order to obtain habeas relief). The denial here did not prejudice Petitioner. (Ct. of Appeal Op. at 10, 11 (quoting Petitioner's statement to the court that "it's an open and shut case" and noting that the prosecution had a simple case to prove)).

Habeas relief is particularly inappropriate here because, even if the denial of the motion to continue was error, that error was not "so arbitrary and fundamentally unfair that it violates constitutional principles of due process." Bennett, 793 F.2d at 774-75.

Petitioner's argument is without merit.[2] Petitioner argues that the court of appeal abused its discretion because the court considered the wrong time frame when denying his fourth motion to continue. (Pet. at 14-17.) In Petitioner's view, the court wrongfully based its decision on the fact that Petitioner had half a year to prepare his defense. Petitioner argues that the court should have only considered the period after the State made its court-ordered disclosures pursuant to discovery. Petitioner concludes that he was unconstitutionally denied time to meaningfully prepare his defense because the court-appointed investigator was unavailable during that entire period.

This argument does not warrant a writ of habeas corpus because the court of appeal was neither arbitrary nor fundamentally unfair in considering the entire half year. Bennett, 793 F.2d at 774-75 (finding habeas relief is warranted only where error is "arbitrarily and fundamentally unfair"). The court justifiably found that the unavailability of the investigator was questionable after being asserted four times and that it was, in any event, immaterial. (Ct. of Appeal Op. at 13.) The court also

[2] Petitioner also makes an argument based on language in the court of appeal's opinion. (Pet. at 18-19.) This argument could not have been made in the state habeas petition and, thus, cannot be made here.

reasonably discounted the significance of any statement the investigator could have obtained from the witnesses. (Id.) Thus, the court found that consideration of the entire six month period was appropriate, and that Petitioner had adequate time to prepare for trial. This determination is neither arbitrary nor fundamentally unfair.

The denial of the motion to continue did not violate clearly established federal law.

**B. The Denial of Petitioner's Request to Have the Right to Counsel Reinstated Does Not Violate the Sixth Amendment.**

Petitioner argues that the Sixth Amendment requires courts to grant all non-abusive pre-jury impanelment requests to be appointed counsel, even if the defendant intelligently waived his right to counsel and made his request on the eve of trial. (Pet. at 22,23.)

Once the right to counsel has been waived, it is no longer absolute. Menefield v. Borg, 881 F.2d 696, 700 (9th Cir. 1989). The Supreme Court has not specifically addressed the situation where a defendant wishes to reinstate a right to counsel that he has already waived. The opposite situation, where a defendant wishes to waive his right to counsel, was addressed by the Supreme Court in Faretta v. California, 422 U.S. 806 (1975), and has been addressed numerous times by the Ninth Circuit. A request to represent oneself "need not be granted if it is intended merely as a tactic for delay." United States v. Flewitt, 874 F.2d 669, 674 (9th Cir. 1989). In determining whether a request to waive the right to counsel is timely and not for the purpose of delay,[3] a court may consider "(1) the effect of any resultant delay on the proceedings; and (2) the 'events preceding the motion, to determine whether they are consistent with a good faith assertion of the Faretta right and whether the defendant could reasonably be expected to have made the motion at an earlier time.'" Avila v. Roe, 298 F.3d 750, 753-54 (9th Cir. 2002) (quoting Fritz v. Spalding, 682 F.2d 782, 784-85 (9th Cir. 1982)); see also United States v. George, 56 F.3d 1078, 1084 (9th Cir. 1995) (finding that the defendant's pretrial

[3] In Moore v. Calderon, the Ninth Circuit established a bright-line rule for the timeliness of Faretta requests: a request is timely if made before the jury is impaneled, unless it is shown to be a tactic to secure delay. Moore v. Calderon, 108 F.3d 261, 265 (9th Cir. 1997). However, Moore's bright-line rule is not "clearly established" law for the purposes of 28 U.S.C. § 2254(d). See Marshall v. Taylor, 395 F.3d 1058, 1062 (9th Cir. 2005) (finding that, where petitioner made a Faretta request on the day of trial, but before jury impanelment, the state court's determination that petitioner's request was untimely was not "contrary to" clearly established federal law).

United States District Court
For the Northern District of California

conduct, motions for continuance, and untimeliness were ample bases for determining that the motion to proceed pro se was made for purposes of delay).

The problem with Petitioner's argument is that the context suggests that his request for appointment of counsel was merely a delay tactic. The Avila test is applicable here and suggests that Petitioner's request was untimely. Under Avila, courts consider the events that occurred before the motion was made in determining whether the request was made in good faith and whether it could have been made earlier. 298 F.3d at 753-54. As the court of appeal found, the motion was not brought in good faith. (Ct. of Appeal Op. at 11.) Petitioner was adamant in his desire to represent himself, and only changed his position after the motion to continue was denied. No constitutional violation has occurred.

Habeas relief is not warranted.

**V. CONCLUSION**

For the foregoing reasons, the petition is DENIED.

Dated: May 4, 2005

/s/James Ware
JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Catherine A. McBrien catherine.mcbrien@doj.ca.gov
David D. Martin martindd1@comcast.net
Eric D. Share eric.share@doj.ca.gov

**Dated: May 4, 2005**

**Richard W. Wieking, Clerk**

**By:/s/JWchambers**
**Ronald L. Davis**
**Courtroom Deputy**